IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK JAY BAKER,

    Petitioner,                        No. CIV S-08-0311 FCD DAD P

    vs.

C. KRAMER,

    Respondent.                     <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 11, 2008, this case was transferred to this court by the United States District Court for the Central District of California. Respondent filed an answer to the petition on January 23, 2009, and petitioner filed a traverse on February 12, 2009. Before the court is petitioner's February 12, 2009, motion for an evidentiary hearing and for the appointment of counsel. Petitioner contends that an evidentiary hearing is necessary in order to resolve disputed issues of fact in connection with the claims contained in the petition.

        Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that where a petition for a writ of habeas corpus is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, upon review of those proceedings, determine whether an evidentiary hearing is warranted. An evidentiary hearing on a claim is required where it is clear from the

1

1 petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the
2 state court trier of fact has not reliably found the relevant facts. See Hendricks v. Vasquez, 974
3 F.2d 1099, 1103 (9th Cir. 1992). The function of an evidentiary hearing is to resolve the merits
4 of a factual dispute. Townsend v. Sain, 372 U.S. 293, 309 (1963), overruled in part by Keeney v.
5 Tamayo-Reyes, 504 U.S. 1 (1993). Accordingly, a hearing is unnecessary when the petitioner
6 raises only issues of law. Id.

7 Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),
8 express limitations are imposed on the power of a federal court to grant an evidentiary hearing.
9 The habeas statute provides that a district court may not hold an evidentiary hearing on a claim
10 for which the petitioner failed to develop a factual basis in state court unless petitioner shows
11 that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has
12 made retroactive to cases on collateral review, or (b) a factual predicate that could not have been
13 previously discovered through the exercise of due diligence, and (2) the facts underlying the
14 claim would be sufficient to establish by clear and convincing evidence that but for constitutional
15 error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
16 28 U.S.C. § 2254(e)(2). Even if an evidentiary hearing is permitted because a prisoner was able
17 to clear the hurdle posed by § 2254(e)(2), such a hearing is not required. Downs v. Hoyt, 232
18 F.3d 1031, 1041 (9th Cir. 2000). The district court retains discretion whether to hold an
19 evidentiary hearing or to expand the record with discovery and documentary evidence instead.
20 Williams v. Woodford, 384 F.3d 567, 590 (9th Cir. 2004). This permissible intermediate step
21 may avoid the necessity of an expensive and time consuming hearing in every habeas corpus
22 case. Id. at 590-91.

23 Here, as a threshold matter, petitioner has not alleged a valid reason why he is
24 entitled to an evidentiary hearing under § 2254(e)(2). He does not assert that his claim relies on a
25 new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral
26 review, nor does he allege that the factual predicate of his claim could not have been previously

discovered through the exercise of due diligence.  In fact, petitioner states that he did not move for an evidentiary hearing in state court. (Mot. filed Feb. 12, 2009, at 2.)  Moreover, it is not clear to the court that the facts petitioner seeks to develop could not be gathered other than by way of an evidentiary hearing, such as through the use of discovery and supplementation of the record.  See Downs, 232 F.3d at 1041.

Until this court has the opportunity to conduct a thorough review of the merits of petitioner's claims, the court cannot determine whether there is a factual dispute necessitating an evidentiary hearing or supplementation of the record in this case.  Following such a review, the court will sua sponte issue an order for an evidentiary hearing should it find that such a hearing is necessary.  Accordingly, the request for an evidentiary will be denied at this time without prejudice to its sua sponte renewal by the court.

Petitioner has also requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's February 12, 2009 request for an evidentiary hearing is denied without prejudice to the court's sua sponte reconsideration should the court conclude that an evidentiary hearing is necessary upon consideration of the merits of petitioner's claims; and

2. Petitioner's February 12, 2009 request for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: June 12, 2009.

DAD:8:
baker311.o

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3